UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TOD KEVIN HOUTHOOFD,

        Plaintiff,

v.                                                              Case No. 05-10003-BC
                                                              Hon. David M. Lawson

MICHAEL VANHORN, DOUGLAS HUNT,
JAMES MOORE, TIMOTHY QUINN and
GENERAL MOTORS CORPORATION,

        Defendants.
_____/

**OPINION AND ORDER GRANTING MOTION TO DISMISS
BY DEFENDANTS GENERAL MOTORS AND QUINN AND
DISMISSING COUNT I OF THE COMPLAINT AS TO ALL DEFENDANTS**

      The plaintiff, Tod Kevin Houthoofd, filed an action in the Bay County, Michigan Circuit Court alleging that several Michigan state police officers violated his civil rights when they arrested him during an investigation of a shooting. He alleges violations of the Michigan and United States Constitutions. Houthoofd also states in his complaint that his employer, General Motors Corporation, through its employee, Timothy Quinn, conspired to violate Houthoofd's civil rights. The case was removed to this Court by defendants General Motors and Quinn, and these defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The plaintiff filed an untimely response to the motion in which he concedes that he has not stated a valid claim against General Motors. The Court has reviewed the submissions of the parties and finds that the relevant law and facts have been set forth in the motion papers and that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(e)(2). The Court finds that the plaintiff has failed to state a claim against defendant Quinn, and that his claims against the other defendants based on a violation of the

Michigan constitution cannot proceed. The Court, therefore, will dismiss Count I of the complaint in its entirety and Count II as to defendants General Motors and Quinn.

I.

The plaintiff makes the following allegations in his complaint: on November 25, 2001, the plaintiff was a union employee of defendant General Motors serving a thirty-day suspension, effective November 16, 2001. On that same day, Michigan State police troopers were investigating a shooting incident that apparently had occurred in Bangor Township, and they wanted to speak with the plaintiff about it. During their search for the plaintiff, the police officers located his truck in the General Motors parking lot in Bay City, where the plaintiff had left it earlier that day when he departed as a passenger in a friend's vehicle. The plaintiff alleges that defendant police officers Hunt, VanHorn, Moore made contact with the plaintiff's wife and asked her to page the plaintiff and request that he return home. Allegedly, the police intended to stake out his truck and arrest him when he returned to it.

When the plaintiff returned to his vehicle, the officers stopped, searched, and arrested him without a warrant, probable cause or other lawful justification, according to the plaintiff. He alleges the officers unlawfully impounded his vehicle, transported it to a police post, searched it, and seized items from it. He also alleges the police shared information regarding the incident and the vehicle search with his employer, General Motors, and he claims the company terminated him because of the information learned from the police officers.

With respect to defendants Quinn and General Motors, the complaint contains the following allegations:

> 31. That Defendant Timothy Quinn did conspire and agree with Defendants VanHorn, Hunt and Moore and others to deprive Plaintiff of his right to be free from

unreasonable, unlawful, warrantless searches, seizures and arrests, pursuant to the Michigan and U.S. Constitutions, in violation of 42 U.S.C. Section 1983 as above-described.

32. That in furtherance of the conspiracy and unlawful agreement, Defendant Quinn did agree to and did make knowingly false statements with malice and /or reckless disregard of the rights of Plaintiff and the consequences to him including a statement to Defendants VanHorn, Hunt, Moore and/or others at their direction that when Plaintiff Tod Kevin Houthoofd returned to the parking lot to retrieve his vehicle, as a result of the request of the Michigan State Police that he return to his home, that he was trespassing on General Motors' property.

33. That Defendant Quinn knew or should have known in the exercise of reasonable caution should have known that the statement that Tod Houthoofd was trespassing was false and that it would result in the deprivation of his civil rights as above-described and was made pursuant to the agreement with the other Defendants as above-described and with the intent to deprive Plaintiff of the above-described rights pursuant to the Michigan and U.S. Constitutions in violation of 42 U.S.C. Section 1983.

34. That as direct and proximate result of the unlawful agreement, conspiracy and acts in furtherance thereof as herein described, your Plaintiff suffered the injuries, loss and damages as more fully set forth below in the Damages section.

Compl. ¶¶ 31-34.

In their motion to dismiss, General Motors notes that the theory of liability against it is based on the conduct of its employee, Quinn, and alleges that it cannot be held vicariously liable for a federal civil rights violation. It also contends that the plaintiff's state law claim must fail because the Michigan Supreme Court has declared that the State constitution contains no mechanism for the enforcement of state constitutional rights. *See Jones v. Powell*, 462 Mich. 329, 612 N.W.2d 423 (2000). For his part, Quinn argues that he is not a state actor and therefore he is not amenable to suit under 42 U.S.C. § 1983, and the plaintiff has failed to plead a civil conspiracy against him with the requisite specificity.

II.

The purpose of a motion under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the probability of success on the merits. *Ecclesiastical Order of the Ism of Am, Inc., v. Chasin,* 653 F. Supp. 1200, 1205 (E.D. Mich. 1986). In considering a motion to dismiss under Rule 12(b)(6), the allegations in the complaint are taken as true and are viewed in the light most favorable to the non-moving party. *Herrada v. City of Detroit,* 275 F.3d 553, 556 (6th Cir. 2001). The Court may consider only whether the allegations contained in the complaint state a claim for which relief can be granted. *Roth Steel Prods. v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir. 1983). The motion may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Buchanan v. Apfel,* 249 F.3d 485, 488 (6th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, "the complaint is not to be dismissed because the plaintiff has misconceived the proper theory of the claim, if he is entitled to any relief under any theory." *Myers v. United States,* 636 F.2d 166, 169 (6th Cir. 1981) (quotations and citations omitted).

Because the plaintiff concedes the futility of his action against General Motors, the Court will not address the arguments pertaining to that defendant. The Court observes, however, that the plaintiff cannot recover against any of the defendants under Count I of the complaint because it is based solely on a violation of the Michigan constitution. The Michigan Supreme Court has held that the state constitution does not provide remedies to enforce the rights created therein. *See Jones*, 462 Mich. at 335-37, 612 N.W.2d at 426-27. The claims against all the defendants based on the Michigan constitution, therefore, will be dismissed.

Quinn's argument that he is not a state actor, and therefore not liable for a federal civil rights violation, is based on the familiar requirement that to establish a claim under 42 U.S.C. § 1983, the

plaintiff must satisfy two elements: (1) that there was a deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under of color of state law. *Wittstock v. Mark A. Van Sile, Inc.* 330 F.3d 899, 902 (6th Cir. 2003). However, the plaintiff need not allege that Quinn himself was acting under color of law if he can show that Quinn conspired with state actors to deprive the plaintiff of a right under the Constitution or laws of the United States. The Supreme Court has held that:

> a private party involved in such a conspiracy, even though not an official of the State, can be liable under § 1983. 'Private persons,' jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute.

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970).

To show a civil conspiracy to violate 42 U.S.C. § 1983, a plaintiff must demonstrate that (1) the defendants entered into an agreement to violate the plaintiff's rights; (2) the defendants shared a general objective to deprive the plaintiff of his rights; and (3) an overt act was committed in furtherance of the conspiracy to deprive the plaintiff of his civil rights that caused injury to the plaintiff. *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003). As the Sixth Circuit has explained:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Ibid.* However, "conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1539 (6th Cir. 1987). Therefore, when

proceeding under 42 U.S.C. § 1983 for civil conspiracy, a plaintiff must make some allegation of coordinated actions between the alleged conspirators.  *See Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999); *Collyer v. Darling*, 98 F.3d 211, 229 (6th Cir. 1996).   He has failed to do so here. Conclusory, vague accusations that do not describe some "meeting of the minds" cannot state a claim for relief under 42 U.S.C. § 1983.  *See Naguib v. Ill. Dep't of Prof'l Regulation*, 986 F. Supp. 1082, 1092 (N.D. Ill. 1997); *Pollack v. Nash*, 58 F. Supp. 2d 294, 299-300 (S.D.N.Y. 1999).

The allegations in the complaint as to defendant Quinn do not amount to a claim that Quinn conspired with Michigan state police to violate the plaintiff's federal rights.  At most, the complaint states that Quinn falsely told police that Houthoofd would be trespassing if he entered General Motors' property.  However, there is no suggestion that this information caused or contributed to Houthoofd's arrest, search or seizure.  There is no allegation, for example, that Quinn agreed to participate in a ruse to fabricate a ground for the plaintiff's arrest, or that he assisted the police in doing so, or that Quinn shared an objective harbored by the police to illegally arrest the plaintiff. The plaintiff's complaint does not contain sufficient facts to sustain a conspiracy claim against Quinn.

### III.

The Court finds, therefore, that the plaintiff has failed to state cognizable claims against defendants General Motors and Quinn, and against all defendants under his State constitutional law theory.

Accordingly, it is **ORDERED** that the motion to dismiss by defendants General Motors Corporation and Timothy Quinn [dkt # 3] is **GRANTED**.  The hearing on the motion set for May 17, 2005 is canceled.

It is further **ORDERED** that the complaint is dismissed in its entirety as to defendants General Motors Corporation and Timothy Quinn.

It is further **ORDERED** that Count I of the complaint is dismissed as to all defendants.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 20, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 20, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS

---