UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TOD KEVIN HOUTHOOFD,

    Plaintiff,                             CASE NO. 05-CV-10003-BC

v.                                       DISTRICT JUDGE DAVID M. LAWSON
                                          MAGISTRATE JUDGE CHARLES BINDER
MICHAEL VANHORN,
DOUGLAS HUNG, and
JAMES MOORE,

    Defendants.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO DISMISS**
(Dkt. 20)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **DENIED** and that this case proceed to discovery.

**II.    REPORT**

    **A.    Introduction and Facts**

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on April 27, 2005. (Dkt. 18.) Pending is the above-entitled motion. Plaintiff has filed a response opposing the motion. (Dkt. 21.) Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

Plaintiff originally filed this suit in the Bay County Michigan Circuit Court in early December 2004. (Dkt. 1.) The case was removed to this Court on January 6, 2005. Defendants were three members of the Michigan State Police, the General Motors Corporation, and one of its employees. Plaintiff alleges that in late November 2001, he was a union employee of Defendant Corporation and was "serving a 30 day suspension imposed by his employer[.]" (Compl., Dkt 1 at ¶ 10.) Plaintiff alleges that he had parked his vehicle in the parking lot of a General Motors Corporation workplace and then left as a passenger in another vehicle. (*Id*. ¶ 11.) Plaintiff alleges that Troopers Hunt, VanHorn and Moore were investigating a shooting incident, and as part of that investigation, sought to speak with Plaintiff. Plaintiff alleges that Trooper Hunt found his truck in the General Motors' parking lot and that the troopers contacted Plaintiff's wife and "requested that she page Plaintiff and ask him to return to the Arenac County address." (*Id*. ¶ 15.) Plaintiff alleges that this action was taken for the purpose of luring Plaintiff to his vehicle located at the General Motors' facility "in order to stop, search, arrest and detain him unreasonably, without a warrant, probable cause or any other lawful jurisdiction." (*Id*. ¶ 17.) Plaintiff also alleges that when he approached his vehicle at approximately 9:45 that evening, the troopers unlawfully stopped and arrested him.

As originally filed, the complaint contained three counts; Count I alleging violation of rights protected by the Michigan Constitution, Count II alleging violation of federally protected constitutional rights in violation of 42 U.S.C. §1983, and Count III alleging a civil rights conspiracy. Counts I and II are directed at Defendants VanHorn, Hunt and Moore, and Count III is directed at the individual General Motors' employee and liability on the part of General Motors alleged on the basis of respondeat superior.

2

On April 20, 2005, Judge Lawson granted a motion by Defendants General Motors and Quinn, dismissing Count I as to all Defendants. (Dkt. 17.) The instant reference order followed one week later, and the instant motion was filed in response to a notice to file initial dispositive motions. (Dkt. 19.)

**B.     Analysis and Conclusions**

**1.     Governing Law**

**a.  Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal for failure to state a claim upon which relief can be granted. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)). Accordingly, when deciding a dismissal motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).

**b.  Civil Rights Claims**

As mentioned, the only remaining count directed against Defendants VanHorn, Hunt and Moore is Count II, which is premised upon an alleged violation of 42 U.S.C. § 1983. In an action brought pursuant to 42 U.S.C. § 1983, the plaintiff must prove that (1) the challenged conduct was

committed by a person acting under the color of state law, and (2) the conduct caused a deprivation of the plaintiff's rights or privileges protected by the laws or Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981); *Baker v. McCollan*, 443 U.S. 137, 142, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979).

### c. Qualified Immunity

Defendants assert in their motion that they are entitled to qualified immunity. The U.S. Supreme Court has explained that, pursuant to the defense of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). To determine whether an official is entitled to qualified immunity, the Sixth Circuit has instructed that courts are to:

> employ the sequential analysis prescribed by the Supreme Court in *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). First (the court) must determine whether, taken in the light most favorable to the party asserting the injury, the facts alleged are sufficient to make out a violation of the Constitution. *Saucier*, 533 U.S. at 201, 121 S. Ct. 2151. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." If, however, "a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id*.

*Greene*, 310 F.3d at 894.

### d. Unlawful Arrest Claim Under 42 U.S.C. § 1983

The Fourth Amendment of the U.S. Constitution requires that an arrest be supported by probable cause. U.S. CONST. amend IV; *Klein v. Long*, 275 F.3d 544, 550 (6th Cir. 2001). Probable cause exists if there are "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the

circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S. Ct. 2627, 61 L. Ed. 2d 343 (1979). When a court is called upon to make a determination as to whether an arrest was supported by probable cause, the arresting officer's subjective knowledge of the facts are the only facts to be considered, even if it is now known that some of the officer's beliefs were in fact mistaken. *Klein*, 275 F.3d at 549-50. The Supreme Court has held that an officer is permitted to make a warrantless arrest, even for a misdemeanor, so long as he has probable cause to believe that an offense has been committed. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S. Ct. 1536, 149 L. Ed. 2d 549 (2001). Michigan officers are permitted under Michigan law to arrest, without a warrant, any person who has committed a felony, misdemeanor, or an ordinance violation in the officer's presence. MICH. COMP. LAWS § 764.15(1)(a).

### 2. Discussion

In Count II, Plaintiff alleges:

26. Defendants VanHorn, Hunt and Moore did engage in the conduct described within this Complaint under the color of state law and utilizing the badge of state authority as above-described with the intent or effect of depriving Plaintiff of the rights secured to him by the Constitution and laws secured to him of the United States and did seek to deprive Plaintiff Tod Kevin Houthoofd of the privileges and immunities granted to him by the Fourth Amendment of the United States Constitution to be secure in his person from an unreasonable search and seizure and to be free from arrest without warrant in that they did engage in the following acts in violation of the Michigan and Federal Constitution as above-described in violation of 42 U.S.C. Section 1983.

   a. unlawfully and unreasonably stopped and held at gun point;
   b. unlawfully and unreasonably arrested and/or detained;
   c. unlawfully and unreasonably handcuffed;
   d. unlawfully and unreasonably placed in the back of a police vehicle;
   e. unlawfully and unreasonably held against his will;
   f. unlawfully and unreasonably transported to the Michigan State Police Post located in Bay City, Bay County, Michigan;

      g.     unlawfully and unreasonably detained at the Michigan State Police Post for several hours.

27.    Defendants VanHorn, Hunt and Moore did engage in the conduct described within this Complaint under the color of state law and utilizing the badge of state authority as above-described with the intent or effect of depriving Plaintiff of the rights secured to him by the constitution and laws of the United States and did deprive Plaintiff of the privileges and immunities granted to him by the 14th Amendment to the United States constitution and the statutes enacted pursuant to the authority granted thereunder by abridging the privileges or immunities of a citizen of the United States, to wit: Tod Kevin Houthoofd and in violation of Article 4, Section 2 of the United States Constitution and depriving him of his liberty without due process of law and denying to Plaintiff Tod Kevin Houthoofd the equal protection of laws by:

    a.    interfering with Plaintiff's right to walk about and use his vehicle in the streets of Bay City and private parking areas;
    b.    arresting Plaintiff without due process of law and confining and seizing him without due process of law.

28.    To be free from the violations of the 4th Amendment rights as a U.S. Citizen as described above.

29.    That the acts and conducts described within this Complaint which constitute the basis of this 42 U.S.C. Section 1983 claim were performed by all Defendants with a mental state of bad faith, intent, maliciousness, reckless and/or callous disregard for the Constitutional rights, privileges and immunities of Plaintiff, or when Defendants knew or should have known that their actions violated Plaintiff's rights, privileges and immunities, said conduct constituting a violation of 42 U.S.C. Section 1983.

(Compl., Dkt. 1.)

Presuming as I must for the purposes of this motion that these allegations are true, and applying the principles set forth above, I suggest that Count II of Plaintiff's Complaint amply sets forth a civil rights claim against these Defendants. These allegations, I suggest, concisely state that Defendants were state actors, that they were acting under color of state law, and that their actions deprived Plaintiff of a clearly established federal constitutionally protected right.

The crux of Defendants' assertion of qualified immunity is that probable cause supported their detention and arrest of Plaintiff. However, there is within the four corners of the complaint, no basis supporting the application of qualified immunity to the incidents there described. Therefore, since the complaint alleges all the elements necessary to proceed on a claim made under 42 U.S.C. § 1983, I suggest that this motion be denied and that the case proceed to discovery.

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

       s/ *Charles E Binder*
       CHARLES E. BINDER
Dated: September 1, 2005       United States Magistrate Judge

7

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Kevin J. Rieman, Mark E. Donnelly and Felepe H. Hall, and served in the traditional manner on Honorable David M. Lawson.


Dated:  September 1, 2005                        By      s/Mary E. Dobbick
                                                 Secretary to Magistrate Judge Binder